UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:05CV181 HEA |
| | ) | |
| NORMAN MEDLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Order and Report and Recommendation of United States Magistrate Judge Lewis M. Blanton, [Doc. No. 136], pursuant to 28 U.S.C. § 636(b), in which Judge Blanton recommends that Defendant's Motion to Suppress Statements, [Doc. No. 128], be denied. Defendant has filed Objections to the Report and Recommendation.

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id*. The court has reviewed the entire record, including listening to

the audio recordings of the hearing held on July 3, 2007.

Defendant contends that the statements he gave to Sgt. McClendon on December 15, 2005 were not voluntarily given and should therefore be suppressed. This position is without merit in that the record clearly establishes the voluntary nature of Defendant's statements.

Defendant initiated the conversation with Sgt. McClendon. Upon meeting with Defendant, McClendon stopped Defendant from talking until he was advised of his *Miranda* rights. Defendant stated that he understood those rights and signed a waiver of those rights. The testimony establishes that the meeting took place in the room in which all interviews are conducted; was not confrontational; was not extensively long; Defendant did not appear to be uncomfortable at any time; and Defendant was not in handcuffs at any time during the interview. No promises or threats were made to Defendant. Defendant was advised that McClendon would relate the information he gave to the prosecutors, however, McClendon also advised Defendant that he could not make any promises. McClendon did tell Defendant that prosecutors look favorably on cooperating individuals. This was not Defendant's first encounter with the criminal justice system; Defendant had been in custody prior to the instant incarceration.

This Court has previously ruled on Defendant's Motions as they relate to

probable cause for arrest. See, Order dated January 5, 2007. The only question before the Court, therefore, is whether Defendant's statements made to McClendon on December 15, 2005 were voluntarily given.

> Voluntariness is determined by "the totality of the circumstances," *Blackburn v. Alabama,* 361 U.S. 199, 206, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960), taking into consideration both the "conduct of the officers and the characteristics of the accused." *Wilson v. Lawrence County,* 260 F.3d 946, 952 (8th Cir.2001). Statements made to officers are voluntary unless, "in light of the totality of the circumstances," the defendant's power of self determination was critically impaired. *United States v. Judon,* 472 F.3d 575, 581-82 (8th Cir.2007).

*U.S. v. Shan Wei Yu,* 484 F.3d 979, 985-986 (8th Cir. 2007).

Furthermore, initiation of the meeting is significant to the Court's analysis:

> "[A] voluntary statement made by a suspect, not in response to interrogation, is not barred by the Fifth Amendment and is admissible with or without the giving of *Miranda* warnings." *United States v. Withorn,* 204 F.3d 790, 796 (8th Cir.2000) (internal quotation omitted). After a review of the evidence produced at the suppression hearing, the magistrate judge concluded "the overwhelming evidence is that Aldaco initiated the request for reinterrogation by Officers Melcher and Negron" on December 11, 2001, concerning state homicide charges. These findings were adopted by the district court. There is no clear error in this factual finding. Thus, we affirm the district court's determination that "any common sense viewing of the videotape ... shows that Aldaco voluntarily and willingly relinquished" his Fifth Amendment right to silence. The same result follows in reviewing the circumstances under which he made statements to OPD officers on December 12, 2001. He again initiated the interview, and there is no evidence his statements were provided under duress or were anything other than voluntary. Therefore, the district court's determination that

> "[u]nquestionably, Aldaco was well aware of his Fifth Amendment rights and voluntarily chose to waive them," is not clear error, and we affirm the district court's denial of his motion to suppress the statements.

*U.S. v. Aldaco,* 477 F.3d 1008, 1016 (8th Cir. 2007). (Footnote omitted.)

The totality of the circumstances clearly establish that Defendant's statements were voluntarily given. Moreover, there is no evidence that coercion or inappropriate tactics were used during the interview and Defendant does not deny that he received ***Miranda*** warnings. His will was in no way overborne. Nothing in the record even remotely indicates that Defendant's power of self determination was critically impaired in any way. Defendant's objection to Judge Blanton's Report and Recommendation are overruled. The Court, therefore adopts the thorough and well reasoned Report and Recommendation in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Statements, [Doc. 128], is DENIED.

Dated this 12th day of September, 2007.

Henry Edward Autrey

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE